1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Liqui-Box Corporation,                        No. 2:22-cv-01466-KJM-JDP

12                    Plaintiff,                    ORDER

13          v.

14   Advanced Plastic Systems, Inc.,

15                    Defendant.

16

17          Plaintiff Liqui-Box Corporation brings this contribution and indemnity action against

18   defendant Advanced Plastic Systems, Inc. (APS) based on potential liability from a different case

19   pending in a different federal district court.  *See generally* Compl., ECF No. 1.  APS moves the

20   court to dismiss this case for lack of personal jurisdiction.  *See* Mot., ECF No. 7.  In advance of

21   the motion hearing, the court ordered the parties to show cause why this case should not be

22   dismissed for lack of subject matter jurisdiction.  *See* Prior Order (Jan. 6, 2023), ECF No. 17.

23   Following its receipt of the parties' responses, the court submitted APS's motion to dismiss

24   without oral argument.  Min. Order (Jan. 24, 2023), ECF No. 25.  Because Liqui-Box has not

25   shown this case is ripe, the court **dismisses the complaint with leave to amend.**

26   **I.      BACKGROUND**

27          Liqui-Box manufactures aseptic liquid packaging products, which are filled through a

28   plastic fitment produced by APS.  Compl. ¶ 6.  It sold some of these products to Tree Top, Inc.

                                                  1

*Id.*  Tree Top and Certain Interested Underwriters at Lloyd's are suing Liqui-Box in the Eastern District of Washington for allegedly sustained damages due to defects in the plastic fitments.  *Id.* ¶¶ 4–5.  In turn, Liqui-Box brings this lawsuit against APS for contribution and common law equitable indemnity.  *Id.* ¶ 8.  It has denied the allegations in Tree Top's complaint but incorporates those allegations by reference for this action.  *Id.* ¶ 7.

APS moves to dismiss this action, claiming the court does not have personal jurisdiction over it.  *See* Mot.  Liqui-Box opposes, *see* Opp'n, ECF No. 13, and APS replied, *see* Reply, ECF No. 15.  In issuing its order to show cause prior to hearing on the motion to dismiss, the court noted Liqui-Box's lawsuit against APS hinges on the uncertain outcome of Tree Top's lawsuit and thus appears unripe.  *See* Prior Order at 2.  Both parties responded to the order to show cause.  *See* Pl. Resp., ECF No. 22; Def. Resp., ECF No. 23.  Liqui-Box urges the court to find the dispute is ripe, *see* Pl. Resp., and APS claims the lawsuit is unripe, *see* Def. Resp.

## II.   RIPENESS

In every case, the threshold question federal courts must answer affirmatively is whether they have jurisdiction.  *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  This inquiry includes evaluating ripeness.  *Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1116 (9th Cir. 2015).  As explained below, this inquiry is dispositive here because Liqui-Box has not shown the case is ripe.  *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction.").

"In order for a case to be justiciable under Article III of the Constitution, it must be ripe for review."  *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991).  Ripeness "is peculiarly a question of timing . . . designed to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action."  *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (internal marks and citations omitted).  Ripeness has two components: constitutional ripeness and prudential ripeness.  Constitutional ripeness is analogous to the injury-in-fact component of constitutional

1   standing.  "Sorting out where standing ends and ripeness begins is not an easy task."  *Thomas v.*

2   *Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  However, to

3   ensure "this jurisdictional prerequisite is satisfied, [courts] consider whether the plaintiffs face 'a

4   realistic danger of sustaining a direct injury['] . . . or whether the alleged injury is too 'imaginary'

5   or 'speculative' to support jurisdiction."  *Id.* at 1139 (quoting *Babbitt v. United Farm Workers*

6   *Nat'l Union*, 442 U.S. 289, 298 (1979)).  In short, the constitutional case-or-controversy

7   requirement mandates "definite and concrete, not hypothetical or abstract" issues.  *Id.* (quoting

8   *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).  As a result, a claim is constitutionally

9   unripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may

10   not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks

11   omitted).  The court need not consider prudential  ripeness because the Ninth Circuit has limited

12   the analysis in "private party contract disputes," as here, to the traditional constitutional test.

13   *Principal Life Ins.*, 394 F.3d at 671; *see Golden v. Cal. Emergency Physicians Med. Grp.*,

14   782 F.3d 1083, 1086 (9th Cir. 2015) ("[I]n previous cases, we have concluded that we do not

15   analyze the prudential component of the ripeness inquiry in private contract litigation.").

16          The party claiming the court has jurisdiction carries the burden to show subject matter

17   jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984

18   (9th Cir. 2008).  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint,

19   considered in its entirety, on its face fails to allege facts sufficient to establish subject matter

20   jurisdiction."  *Id.* at 984–85.

21          Here, Liqui-Box's complaint presents an unripe dispute because its claims and requested

22   relief rest on a contingent future event.  Liqui-Box advances two claims.  First, "if it is found that

23   Plaintiff is liable to Tree Top, Plaintiff will be entitled to contribution from Defendant."  Compl.

24   ¶ 8.  Second, "[i]f Plaintiff becomes liable to Tree Top as a consequence of Defendant's defective

25   fitment, any such liability should properly be borne by Defendant."  *Id.*  To remedy these

26   contingent future harms, Liqui-Box requests, "if Plaintiff is found liable to Tree Top, Plaintiff

27   prays judgment that Defendant be liable" for the damages.  *Id.*

1  In short, Liqui-Box identifies a purely hypothetical harm: potential future liability from an

2  ongoing case.  Its request confirms the contingency: APS should have to pay for any damages

3  Liqui-Box might incur in the defective fitment litigation.  Because the alleged injury is

4  "speculative," the jurisdictional requirement of a ripe dispute is not met.  *Thomas*, 220 F.3d at

5  1139.  This court therefore does not have subject matter jurisdiction over the case.

6  In response, Liqui-Box urges the court to find the case is ripe because it "***continues to***

7  ***incur defense costs in the underlying lawsuit that should be shared by APS***."  Pl. Resp. at 7

8  (emphasis in original).  Although such costs and right to relief might comprise a sufficiently

9  concrete harm to render the dispute ripe, neither the complaint's factual allegations nor its claims

10  and requested relief support Liqui-Box's argument made only in briefing.  Argument alone

11  cannot amend the complaint nor cure its infirmities.  The operative complaint does not allege

12  Liqui-Box is incurring defense costs in the underlying lawsuit that should be shared by APS.

13  Instead, the complaint expressly makes its claims and requested relief wholly contingent on the

14  outcome of the underlying lawsuit.  Indeed, under the current complaint, no relief is appropriate if

15  Liqui-Box prevails against Tree Top.

16  **III.   LEAVE TO AMEND**

17  If a complaint is dismissed, "[the] district court should grant leave to amend even if no

18  request to amend the pleading was made[.]" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir.

19  2016).  However, leave to amend should be denied when the plaintiff could not amend the

20  complaint to state a viable claim without contradicting the complaint's original allegations.  *See*

21  *Garmon v. County of Los Angeles*, 828 F.3d 837, 845–46 (9th Cir. 2016).  The key question is

22  futility.  *See Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197 (9th Cir. 2021).  Here, amendment might

23  not be futile.  As discussed above, Liqui-Box might amend the complaint to plead current injury

24  and establish the court's subject matter jurisdiction by claiming ongoing defense costs should be

25  shared by APS.  Liqui-Box also might amend the complaint to seek declaratory relief and thereby

26  remedy potential financial uncertainty and loss.  *See Principal Life. Ins.*, 394 F.3d at 671.

27  Because amendment need not be futile, the court **grants leave to amend** the complaint, to the

28  extent possible subject to Federal Rule of Civil Procedure 11.

4

**IV.    CONCLUSION**

In sum, the court **dismisses Liqui-Box's complaint** for lack of subject matter jurisdiction, with leave to amend.  Any amended complaint must be filed **within twenty-one days** of the filing date of this order.  The court **dismisses as moot** APS's motion to dismiss for lack of personal jurisdiction.

This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED:  April 19, 2023.

CHIEF UNITED STATES DISTRICT JUDGE